Larry Klayman (In Pro Per)
2775 NW 49th Ave., Suite 205-346
Ocala, FL 34482
leklayman@gmail.com
Tell: (310) 595-0800
Fax: (310) 275-3276

**FILED**

E-filing

JUL ⁻ 5 2014

ADR

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## IN THE U.S. DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

LARRY KLAYMAN

Plaintiff,

v.

STEPHANIE A. LUCK DELUCA,
SUZANNE JAMBE, JAMES
ROLLINSON, BAKER HOSTETLER,
HEWITT B. SHAW, EBAY, INC.,
PAYPAL, INC. (A SUBSIDIARY OF
EBAY).

Defendants

**CV 14 . 03190 PSG**

No.

COMPLAINT FOR : (1) FRAUD BY
STATEMENT TO THIRD PARTIES; (2)
FRAUD; (3) INTRUSION INTO PRIVATE
AFFAIRS; (4) TRESPASS TO CHATTELS;
(5) CONVERSION; (6) UNLAWFUL,
UNFAIR, FRAUDULENT BUSINESS
PRACTICES; (7) BREACH OF
CONTRACT; (8) NEGLIGENCE; (9)
CIVIL VIOLATIONS OF RICO; (10)
CONSPIRACY TO ENGAGE IN RICO

[DEMAND FOR JURY TRIAL]

## COMPLAINT

Plaintiff Larry Klayman brings this action against Defendants Stephanie A. Luck Deluca,

Suzanne Jambe, James Rollinson, Baker Hostetler, Hewitt B. Shaw, eBay, Inc., and PayPal, Inc.,

and alleges as follows:

**THE PARTIES**

1.  Plaintiff Larry Klayman ("Plaintiff") is an individual resident of Florida whose address is 2775 NW 49th Ave., Suite 205-346, Ocala, FL 34482.

2.  Defendant Stephanie A. Luck Deluca ("Deluca") is an individual resident of Ohio and is the ex-wife of Plaintiff. Defendant Deluca resides at 2598 Kerwick Road, University Heights, OH 44118.

3.  Defendant Suzanne Jambe ("Jambe") is an individual resident of Ohio. Defendant Jambe is an attorney and partner with the firm of Baker Hostetler, a national law firm with offices in multiple cities, including Cleveland, Ohio. It also has offices in California and does business there. Defendant's place of business is at 1900 East 9th Street, Suite 3200, Cleveland, OH 44114-3482. Specifically, Defendant conducts business within this judicial district.

4.  Defendant James Rollinson ("Rollinson") is an individual resident of Ohio. Defendant Rollinson is an attorney and partner with the firm of Baker Hostetler, a national law firm with offices in multiple cities, including but not limited to Cleveland, Ohio. It also has offices in California and does business there. Defendant's place of business is at 1900 East 9th Street, Suite 3200, Cleveland, OH 44114-3482. Defendant conducts business within this judicial district.

5.  Defendant Baker Hostetler ("Baker"), a national law firm, is a limited liability partnership with offices throughout the country, including Cleveland, Ohio. Defendant Baker also has an office in California and conducts business within this judicial district. Defendants Jambe and Rollinson are partners at Baker Hostetler. Defendant's place of business is at 1900 East 9th Street, Suite 3200, Cleveland, OH 44114-3482.

6.  Defendant Hewitt B. Shaw ("Shaw") is a partner with Baker Hostetler and is the Office Managing Partner of the Cleveland headquarters of Baker Hostetler. Defendant's headquarters is at 1900 East 9th Street, Suite 3200, Cleveland, OH 44114-3482. Defendant conducts business within this judicial district.

7.  Defendant eBay, Inc. ("eBay") is a corporation with its headquarters and principal place of

1     business located at 2145 Hamilton Avenue, San Jose, California, 95125. Defendant eBay is

2     the parent company of Paypal.

3  8. Defendant Paypal, Inc. ("Paypal") is a subsidy of eBay, Inc., and is a corporation with its

4     headquarters and principal place of business located at 2211 North First Street, San Jose, CA

5     95131.

6  9. Defendants Paypal and eBay are collectively referred to herein as the "Paypal Defendants."

7                     **JURISDICTION**

8  10. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, which provides for jurisdiction whenever

9     there is diversity of citizenship. Complete diversity exists between the parties and the amount

10    in controversy is far over $75,000.00. Furthermore, this Court has jurisdiction pursuant to 28

11    U.S.C. § 1367 which allows for supplemental jurisdiction over all other claims that are

12    related to claims in the action within such original jurisdiction that they form part of the same

13    case or controversy. Jurisdiction is also proper pursuant to 18 U.S.C. § 1965, which allows

14    for nationwide jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations

15    Act ("RICO").

16                      **VENUE**

17  11. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions

18    giving rise to the claim occurred within this district.

19  12. Venue is further proper in this district pursuant to Paypal's User Agreement which states, in

20    pertinent part, "you agree that any claim or dispute you may have against Paypal must be

21    resolved by a court located in either Santa Clara County, California, or Omaha, Nebraska."

22                     **FACTS**

23 Background

24  13. Plaintiff Larry Klayman is an attorney.

25  14. Plaintiff divorced Defendant Deluca in June of 2003. At that time, the parties entered into a

26    Consent Marital Settlement Agreement in the commonwealth of Virginia which contained a

27    choice of law provision that mandated and required that Virginia law would apply to the

28

1    enforceability and all other matters concerning the Consent Marital Settlement Agreement.

2  15. Defendant Deluca hired Defendants Jambe and Rollinson, attorneys at Baker Hostetler, to

3    represent her in the divorce and custody proceedings.  Defendants Jambe and Rollinson were

4    at all material times supervised by Defendant Shaw, the Office Managing Partner of the

5    Cleveland headquarters of Defendant Baker.

6  16. Plaintiff has two children with Defendant Deluca. In the summer of 2007, Plaintiff was

7    forced to file for custody of his children in the Court of Common Pleas for Cuyahoga County

8    ("Ohio court") (Case No. DR-07-316840) when Deluca failed to timely inform Plaintiff, and

9    would not provide to him medical information about a serious accident involving their

10    youngest child, among other compelling grounds.

11  17. Shortly after Defendant Deluca remarried in 2007, Plaintiff had been cut off from visitation

12    and all contact, even by telephone, with his children by Deluca.

13  18. Plaintiff could not see and, for the most part, could not talk with his children. Given the

14    severe and extreme factual circumstances that Plaintiff faced, Plaintiff withheld child support

15    after these actions were taken by Defendant Deluca, and after Deluca cut him off from

16    accessing his children.

17  19. Under Virginia law, the decision in *Hartman v. Hartman*, 33 Vir. Cir. 373, 1994 WL

18    1031136 (Apr. 13, 1994), provided Plaintiff with a complete defense for not paying child

19    support when Plaintiff was denied access to his children. In *Hartman,* the mother cut off the

20    father's access to his child and also told the child that someone else was his father.  The court

21    absolved the father from having to pay any child support payments to the child's mother.

22    Plaintiff relied on the decision of *Hartman* in justifiably refusing to pay child support to his

23    ex-wife, who no longer allowed him to see his own child.

24  20. Nevertheless, the Ohio court inappropriately applied Ohio law and erroneously found

25    Plaintiff in contempt for not paying child support to Defendant Deluca despite the existence

26    of Virginia law which stated that Plaintiff was under no obligation to pay child support after

27    his children were effectively kidnapped from him.  In addition, the court wrongfully awarded

28

1    a judgment of $320,000 in attorneys fees to Ms. Deluca in a judgment entry of June 22, 2011.

2

3    The Subpoena Requesting Records from Paypal

4    21. Defendants Jambe, Rollinson, Shaw and Baker, on behalf of Deluca, fraudulently sought and

5        filed a meritless motion to show cause for Plaintiff's alleged violation of the judgment entry

6        of June 22, 2011, attempting to incarcerate Plaintiff for his non-payment of the judgment

7        against him, in clear violation of the Ohio Constitution.  As provided in *Sizemore v.*

8        *Sizemore*, 2010 Ohio 1525 (April 5, 2010), the use of the contempt powers of the court are

9        prohibited when the amount at issue has been reduced to judgment. Contempt proceedings

10       for failure to pay a judgment are in direct and blatant violation of the Ohio Constitution,

11       article 1, § 15.

12   22. This motion to show cause was an invalid legal proceeding, had no basis in law and fact, and

13       was void ab initio.

14   23. Defendants Jambe, Rollinson, and Shaw, partners at the law firm of Defendant Baker, each

15       have substantial experience in both the laws and procedures of Ohio.  Even though these

16       Defendants knew that their actions were contrary to the Ohio Constitution, they went ahead

17       and filed the motion to show cause to try to imprison Plaintiff specifically in order to harm

18       Plaintiff in a fraudulent manner.

19   24. Defendants Jambe, Rollinson, and Baker, on behalf of Deluca, next sent void subpoenas to

20       third party entities, including the Paypal Defendants, seeking to fraudulently induce third

21       parties such as Paypal into releasing financial records which they believed contained banking

22       information related to Plaintiff.  Defendants Jambe, Rollinson, Shaw, and Baker, on behalf of

23       Deluca, fraudulently sought subpoenas from the Ohio court on August 7, 2012. The

24       subpoenas were issued by the Ohio court on August 8, 2012.  The Paypal Defendants

25       received the subpoenas on or about August 12, 2012.

26   25. The subpoena to the Paypal Defendants requested the following documents concerning the

27       PayPal account, which Defendants Jambe, Rollinson,  Shaw, Baker, and Deluca believed was

28

held by Plaintiff:

    a) Documents which reveal or concern the name, address, and other contact information of the entity or person who holds the Account ("the Account Holder"), including but not limited to any documents relating to the opening of the Account.

    b) Correspondence between the Account Holder, or anyone acting on its behalf, and Paypal, relating to the Account.

    c) Documents concerning any transaction into or out of the Account, including but not limited to what eBay's Fraud Investigations Team refers to as "complete transactional information" in the attached *Responding to Law Enforcement Records Requests*, from July 1, 2011 through the present.

    d) All documents revealing or concerning any financial accounts attached to the Account, including but not limited to any accounts to which PayPal forwards or otherwise credits payments made through the Account, including but not limited to any documents relating to what eBay's Fraud Investigations Team refers to as "attached financial accounts" in the attached *Responding to Law Enforcement Records Requests*, from July 1, 2011 through the present.

    e) The subpoena to the Cuyahoga Support Enforcement Agency requests any and all documents relating to all payments made, between January 1, 2012 and the present, by Larry E. Klayman, the obligor, to Stephanie A. DeLuca, the obligee, to either Ohio Support Payment Central or the Cuyahoga County Child Support Enforcement Agency, including but not limited to copies of the front and back of any checks received from (or on behalf of) Mr. Klayman and/or documents relating to any wire transfers from Mr. Klayman which identify the sources of the funds received.

26. Defendants Jambe, Rollinson, Shaw, and Baker, on behalf of Deluca, fraudulently sought records they believed contained banking information related to Plaintiff. Defendants Jambe, Rollinson, Shaw, and Baker, on behalf of Deluca had no legitimate reason to subpoena these

1   records, which were labeled as "Account Information for Larry Klayman" by the Paypal

2   Defendants and listed Larry Klayman as the user.

3   27. On August 16, 2012, Plaintiff gave notice, through written correspondence of his intention to

4       move to quash the invalid, null, and void subpoenas issued by Defendants Jambe, Rollinson,

5       Shaw, and Baker, on behalf of Deluca.

6   28. Plaintiff immediately sought to quash these subpoenas pursuant to Ohio Rules of Civil

7       Procedure Rule 45 (C)(3) and filed his Motion to Quash on August 20, 2012, the following

8       Monday.

9   29. The Paypal Defendants, through Executive Escalations Legal Specialist Cedric Patrick, Jr.

10      ("Patrick"), responded to Defendant Jambe, Rollinson, Shaw, and Baker's subpoena,

11      objecting to it under multiple grounds, including the following:

12          a) "it does not comply with the Interstate Discovery Act codified at California Code of

13             Civil Procedure ("CCP") § 2029.100-2029.900."

14          b) "it does not comply with the service requirement of CCP § 2029.400 and §

15             2020.220(b)(2)."

16          c) "it provides insufficient time for compliance.  Section 2020.210(c) of the California

17             Code of Civil Procedure requires a subpoenaing party to provide no fewer than 15

           days for the subpoenaed party to comply."

18          d) "it does not provide notice to the other parties to the action, in violation of CCP §

19             2025.2020."

20          e) "it is not directed to the custodian of records of Paypal, in violation of CCP §

21             2020.410(c)."

22  30. The Paypal Defendants further objected on the grounds that the information sought was

23      unduly burdensome, that it may have been protected by attorney-client privilege, and that it

24      was overly broad, and that it requested irrelevant information.

25  31. Despite the number of objections by the Paypal Defendants, and the multiple clear violations

26      of the California Code of Civil Procedure, Defendants Jambe, Rollinson, Baker, Shaw, and

27

28

1    Deluca fraudulently induced the release of banking and transaction information believed to

2    be that of Plaintiff's before Paypal Defendants' objection was filed.

3  32. Defendants Jambe, Rollinson, Baker, Shaw, and Deluca, in an effort to induce the Paypal

4     Defendants into releasing the account information, told Patrick to ignore objections and send

5     them the information immediately.  This was done to prevent Plaintiff from having an

6     opportunity to respond to and quash the void and fraudulently issued subpoenas.  Patrick was

7     also not advised of the invalidity and fraudulent nature of the contempt motion upon which

8     the fraudulent subpoenas were issued.

9  33. On August 16, 2012, Patrick sent to Defendant Rollinson via Federal Express, documents

10     and a CD containing various files that were produced as a result of the subpoena.

11  34. These documents were entitled "Account Information for Larry Klayman" and listed Larry

12     Klayman as the user.  These documents included Paypal records which Defendants believed

13     pertained to Plaintiff personally, including phone numbers, addresses, employee information,

14     and checking account information.  Plaintiff was listed as the user of the account.

15  35. By obtaining these documents from the Paypal Defendants, Defendants Jambe, Rollinson,

16     Baker, Shaw, and Deluca had received the private account information which they believed

17     related to Plaintiff.

18  36. These documents were released in violation of the Paypal Defendants' Privacy Policy, which

19     sets for the following, in pertinent part:

20        "How We Protect and Store Personal Information

21
        We store and process your personal information on our computers in North America, Asia,
22        Europe and elsewhere in the world where our facilities are located. We protect your
23        information using physical, technical, and administrative security measures to reduce the
        risks of loss, misuse, unauthorized access, disclosure and alteration. Some of the safeguards
24        we use are firewalls and data encryption, physical access controls to our data centers, and
        information access authorization controls."
25

26

27

28

37. Plaintiff, upon hearing of the release of the documents sent by the Paypal Defendants to Defendants Jambe, Rollinson, and Baker, immediately demanded that the Paypal Defendants retrieve the documents sent to Defendants Jambe, Rollinson, and Baker.

38. In response, Plaintiff was contacted by Judith M. Mercier, counsel for the Paypal Defendants, on August 20, 2014, who acknowledged receipt of Plaintiff's correspondence and informed Plaintiff that Paypal would be requesting the immediate return of the released records based on the objections that Plaintiff had made. That same day, on August 20, 2014, the Paypal Defendants demanded the return of the released documents and information.

39. On August 22, 2012, Defendant Rollinson falsely stated that he returned the released documents and information to Judith Mercier, who said she would keep possession of documents in question until the Ohio court ordered the release of the documents.

40. Defendants Jambe, Rollinson, and Baker, on behalf of Deluca, made photocopies and/or kept electronic copies of the released documents, and provided them to Deluca.  When asked by Plaintiff whether all copies had been sent back to the Paypal Defendants or destroyed, neither Defendant Jambe nor Defendant Rollinson would attest under oath about whether they had retained copies and/or reviewed the documents and information before they were allegedly returned.  They thus confirmed that they have retained copies of all the records and have them to this day.

## COUNT I
### (FRAUD BY STATEMENT TO THIRD PARTIES)
### (To Defendants Jambe, Rollinson, Baker, Shaw, and Deluca)

41. Plaintiff refers to and incorporates herein paragraphs 1 through 41 of this Complaint;

42. Defendants Jambe, Rollinson, Baker, and Shaw, acting on behalf of Deluca, made a false or misleading statements to a third party, the Paypal Defendants, stating that they were required to turn over the subject private banking and transaction information that was possessed by the Paypal Defendants;

43. Defendants Jambe, Rollinson, Baker, and Shaw, acting on behalf of Deluca, knew that the statements were false or misleading;

44. Defendants Jambe, Rollinson, Baker, and Shaw, acting on behalf of Deluca, intended to defraud the Paypal Defendants into turning over the private banking and transaction information that they believed to be that of Plaintiff's;

45. The Paypal Defendants reasonably relied upon the false or misleading statements;

46. As a consequence of Defendant Jambe, Rollinson, Baker, Shaw, and Deluca's false or misleading statements, Plaintiff was damaged by being deprived of a right or thing of value.

## COUNT II
### (FRAUD)
### (To Defendants Jambe, Rollinson, Baker, Shaw, and Deluca)

47. Plaintiff refers to and incorporates herein paragraphs 1 through 47 of this Complaint;

48. Defendants Jambe, Rollinson, Baker, and Shaw, on behalf of Deluca, filed a motion that had no basis in law and was void ab initio, and was intended solely as a fraudulent subterfuge to obtain financial information from the Plaintiff;

49. Defendants Jambe, Rollinson, Baker, and Shaw, on behalf of Deluca, falsely, fraudulently, and with the intent to deceive and defraud Plaintiff, deceptively induced the Paypal Defendants to release private transaction and banking records believed to be that of Plaintiff;

50. The Paypal Defendants provide credit card services for Plaintiff;

51. The Paypal Defendants, as agents of Plaintiff, reasonably relied on Defendant Jambe, Rollinson, Baker, Shaw, and Deluca's false and fraudulent representations that the subpoenas were valid;

52. Plaintiff was harmed when financial information which Defendants believed belonged to Plaintiff was released; and

53. The Paypal Defendants' reliance, and thus Plaintiff's reliance, on Defendants Jambe, Rollinson, Baker, Shaw, and Deluca's representations was a substantial factor in causing Plaintiff's harm.

**COUNT III**
**(INTRUSION INTO PRIVATE AFFAIRS)**
**(To Defendants Jambe, Rollinson, Baker, Shaw, and Deluca)**

54. Plaintiff refers to and incorporates herein paragraphs 1 through 53;

55. Plaintiff had a reasonable expectation of privacy in the information that Defendants Jambe, Rollinson, Baker, Shaw, and Deluca believed to be that of Plaintiff's;

56. Defendants Jambe, Rollinson, Baker, Shaw, and Deluca intentionally intruded into Plaintiff's private affairs by subpoenaing financial records that they believed belonged to Plaintiff through the Paypal Defendants;

57. Defendants Jambe, Rollinson, Baker, Shaw, and Deluca' intrusion would be highly offensive to a reasonable person;

58. Plaintiff was harmed as a result of the release of the financial records; and

59. Defendants Jambe, Rollinson, Baker, Shaw, and Deluca's conduct was a substantial factor in causing Plaintiff's harm.

**COUNT IV**
**(TRESPASS TO CHATTELS)**
**(To Defendants Jambe, Rollinson, Baker, Shaw, and Deluca)**

60. Plaintiff refers to and incorporates paragraphs 1 through 59;

61. Plaintiff was listed as a user and account holder by the Paypal Defendants;

62. Defendants Jambe, Rollinson, Baker, and Shaw, on behalf of Deluca, intentionally interfered with Plaintiff's perceived use of the PayPal account and further intentionally interfered with Plaintiff's perceived use of the account;

11

63. Plaintiff did not consent to the taking of the financial information;

64. Plaintiff was harmed as a result of the release of the financial information; and

65. Defendants Jambe, Rollinson, Baker, Shaw, and Deluca's conduct was a substantial factor in causing Plaintiff's harm.

**COUNT V**
**(CONVERSION)**
**(To Defendants Jambe, Rollinson, Baker, Shaw, and Deluca)**

66. Plaintiff refers to and incorporates paragraphs 1 through 65;

67. Plaintiff was listed as a user and account holder by the Paypal Defendants;

68. Defendants Jambe, Rollinson, Baker, and Shaw, on behalf of Deluca, intentionally and substantially interfered with records believed to be those of Plaintiff's and received private banking and transaction information that they believed belonged to Plaintiff;

69. Plaintiff did not consent to the taking of the Paypal account information which Defendants believed to be that of Plaintiff's;

70. Plaintiff was harmed as a result of the release of the financial information; and

71. Defendants Jambe, Rollinson, Baker, Shaw, and Deluca's conduct was a substantial factor in causing Plaintiff's harm.

**COUNT VI**
**(UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS ACTS AND PRACTICES)**
**(To Defendants Jambe, Rollinson, Baker, Shaw, and Deluca)**

72. Plaintiff refers to and incorporates paragraphs 1 through 71;

73. Defendants Jambe, Rollinson, Baker and Shaw's acts and practices, on behalf of Deluca, as detailed above, constitute acts of unfair competition. Defendants Jambe, Rollinson, Baker, Shaw, and Deluca have engaged in an unlawful, unfair or fraudulent business act and/or practice within the meaning of California Business & Professions Code §17200;

12

74. Defendants Jambe, Rollinson, Baker and Shaw's acts and practices, on behalf of Deluca, have engaged in an "unlawful" business act and/or practice by engaging in the conduct set forth above. These business acts and practices violated numerous provisions of law, including, *inter alia*, state and federal laws as set forth herein, California Civil Code §1565 *et seq.*, California Civil Code §1709, the Consumers Legal Remedies Act, California Civil Code §§1750, *et seq.*, as well as operate as a systemic breach of uniform agreements. Plaintiffs reserve the right to identify additional violations of law as further investigation warrants;

75. Through the above-described conduct, Defendants Jambe, Rollinson, Baker, Shaw, and Deluca have engaged in an "unfair" business act or practice in that the justification for such actions, either in the past or present, based on the business acts and practices described above, is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and/or offends public policy, is immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers;

76. By engaging in the above-described conduct, Defendants Jambe, Rollinson, Baker, Shaw, and Deluca have engaged in a "fraudulent" business act or practice in that the business acts and practices described above had a tendency and likelihood to deceive the Paypal Defendants, Plaintiff, and other third parties;

77. Defendants Jambe, Rollinson, Baker, Shaw, and Deluca need only to have violated one of the three provisions set forth above to be strictly liable under this cause of action.

1

2

## COUNT VII
## (BREACH OF CONTRACT)
## (To Defendants Paypal and eBay)

3

4

78. Plaintiff refers to and incorporates paragraphs 1 through 77;

5

79. Plaintiff entered into a contract with the Paypal Defendants through the use of their User

6

Agreement and Privacy Policy;

7

80. All the conditions required for the Paypal Defendants to perform under the terms of the

8

contract had occurred;

9

81. Defendant failed to protect the private banking and transaction records that were believed to

10

be that of Plaintiff, and in doing so released information believed to be that of Plaintiff's in

11

violation of the contractual agreement put in place by the Paypal Defendants' User

12

Agreement and Privacy Policy;

13

14

82. Plaintiff was harmed as a result of the Paypal Defendants' breach of contract.

15

16

## COUNT VIII
## (NEGLIGENCE)
## (To Defendants Paypal and eBay)

17

18

83. Plaintiff refers to and incorporates paragraphs 1 through 82;

19

84. The Paypal Defendants owed a duty to protect private banking and transactional information;

20

85. The Paypal Defendants breached the duty by providing this private information to

21

22

Defendants Jambe, Rollinson, Baker, Shaw, and Deluca;

23

86. Plaintiff was harmed as a result of the conduct of the Paypal Defendants; and

24

87. The Paypal Defendants' conduct was the actual cause of Plaintiff's harm;

25

26

27

28

## COUNT IX
### (CIVIL VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. §1961 ET SEQ.)
### (To Defendants Jambe, Rollinson, Baker, Shaw, and Deluca)

88. Plaintiff refers to and incorporates herein paragraphs 1 through 87 of this Complaint;

89. Defendants Jambe, Rollinson, Baker, and Shaw, on behalf of Deluca, have created an *enterprise* engaged in a *pattern of racketeering activity* across State lines, and a conspiracy to engage in *racketeering activity* involving at least two RICO predicate acts during the past ten (10) calendar years, and benefitted financially from these actions;

90. Other RICO predicate acts, although *appearing* to be isolated events, were actually part of the overall conspiracy and *pattern of racketeering activity* alleged herein, *e.g.* mail fraud and bank fraud. See 18 U.S.C. §§ 1341 and 1344, respectively;

91. The primary objective of the racketeering *enterprise* has been to inflict severe and sustained economic hardship upon Plaintiff;

92. Defendants have benefitted financially from the racketeering *enterprise*;

93. At various times and places partially enumerated in this Complaint, Defendants Jambe, Rollinson, Baker, Shaw, and Deluca did associate with a RICO *enterprise* of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate commerce;

94. The primary objective of the racketeering *enterprise* has been to inflict severe and sustained economic hardship upon Plaintiff;

95. Defendants have benefitted financially from the racketeering *enterprise*;

96. Defendants Jambe, Rollinson, Baker, Shaw, and Deluca conducted and/or participated, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c);

97. During the ten (10) calendar years preceding July 14, 2014, all Defendants Jambe, Rollinson, Baker, Shaw, and Deluca did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. §1962(c) (Prohibited activities);

98. Plaintiff further alleges that all Defendants Jambe, Rollinson, Baker, Shaw, and Deluca did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. §1962(c) *supra*;

99. The predicate acts alleged here cluster around a continued pattern of fraud.  First, Defendants Jambe, Rollinson, Shaw, and Baker, on behalf of Deluca, sought to fraudulently have Plaintiff held in contempt of Court, in direct violation of the Ohio Constitution.  Second, Defendants Jambe, Rollinson, Baker, Shaw, and Deluca fraudulently sought and obtained financial records which they believed contained banking information related to Plaintiff. Since these financial institutions were the same ones utilized by Plaintiff, banking information perceived to be that of Plaintiff's banking information was released.

**COUNT X**
**(CONSPIRACY TO ENGAGE IN A *PATTERN OF RACKETEERING ACTIVITY*, 18 U.S.C. §§ 1961(5), 1962(D))**
**(To Defendants Jambe, Rollinson, Baker, Shaw, and Deluca)**

100.   Plaintiff refers to and incorporates herein paragraphs 1 through 99 of this Complaint;

101.   Defendants Jambe, Rollinson, and Baker, on behalf of Deluca, have created an *enterprise* engaged in a *pattern of racketeering activity* across State lines, and a conspiracy to engage in *racketeering activity* involving at least two RICO predicate acts during the past ten (10) calendar years, and benefitted financially from these actions;

16
COMPLAINT

102. Other RICO predicate acts, although *appearing* to be isolated events, were actually part of the overall conspiracy and *pattern of racketeering activity* alleged herein, *e.g.* mail fraud and bank fraud. See 18 U.S.C. §§ 1341 and 1344, respectively;

103. The primary objective of the racketeering *enterprise* has been to inflict severe and sustained economic hardship upon Plaintiff;

104. Defendants Jambe, Rollinson, Baker, Shaw, and Deluca have benefitted financially from the racketeering *enterprise*;

105. At various times and places partially enumerated in this Complaint, Defendants Jambe, Rollinson, Baker, Shaw, and Deluca did conspire to acquire and maintain an interest in a RICO *enterprise* engaged in a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(b) and (d);

106. The primary objective of the racketeering *enterprise* has been to inflict severe and sustained economic hardship upon Plaintiff;

107. Defendants Jambe, Rollinson, Baker, Shaw, and Deluca have benefitted financially from the racketeering *enterprise*;

108. At various times and places partially enumerated in this Complaint, Defendants Jambe, Rollinson, Baker, Shaw, and Deluca did also conspire to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(c) and (d);

109. During the ten (10) calendar years preceding July 14, 2014, Defendants Jambe, Rollinson, Baker, Shaw, and Deluca did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. §1962(c) (Prohibited activities);

110.   Plaintiff further alleges that Defendants Jambe, Rollinson, Baker, Shaw, and Deluca committed two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of 18 U.S.C. § 1962(d) (Prohibited activities *supra*);

111.   The predicate acts alleged here cluster around a continued pattern of fraud.  First, Defendants Jambe, Rollinson, Shaw, and Baker, on behalf of Deluca, sought to fraudulently have Plaintiff held in contempt of court, in direct violation of the Ohio Constitution.  Second, Defendants Jambe, Rollinson, Baker, Shaw, and Deluca fraudulently sought and obtained financial records which they believed contained banking information related to Plaintiff. Since these financial institutions were the same ones utilized by Plaintiff, banking information perceived to be that of Plaintiff's banking information was released.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, each and every one of them, for the following:

I.   For general damages in an amount exceeding $1,000,000.00, exclusive of interest and costs;

II.   For punitive and exemplary damages in excess of $2,000,000.00, an amount sufficient to punish and deter such conduct;

III.   For injunctive relief preventing Defendants from once again attempting to gain access to information believed to be that of Plaintiff's;

IV.   An award of trebled damages as consistent with 18 U.S.C. § 1964(c);

V.   Attorney's fees and costs of this suit;

1   VI.     For prejudgment interest at the maximum legal rate; and

2   VII.    Such other relief as the Court deems proper.

3                        **DEMAND FOR JURY TRIAL**

4        Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

5   Procedure.

6

7

8   DATED:  July 14, 2014

9

10

11                                          By:
12                                              LARRY KLAYMAN
                                                Plaintiff
13                                              In Pro Per

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28