1  JESSE F. RUIZ [SBN. 77984]
    *jfr@robinsonwood.com*
2  HELEN H. CHEN [SBN. 213150]
    *hhc@robinsonwood.com*
3  ROBINSON & WOOD, INC.
    227 N 1st Street
4  San Jose, California  95113
    Telephone:    (408) 298-7120
5  Facsimile:    (408) 298-0477

6  Attorneys for Defendant STEPHANIE A.
    DELUCA
7

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11  LARRY KLAYMAN,                          Case No. 14-CV-03190-EJD

12           Plaintiff,                     **DEFENDANT STEPHANIE A.
                                            DELUCA'S NOTICE OF MOTION AND
13  vs.                                     MOTION TO DISMISS PLAINTIFF'S
                                            COMPLAINT PURSUANT TO FRCP
14  STEPHANIE A. LUCK DELUCA,               12(b)(2) & 12(b)(3); MEMORANDUM OF
    SUZANNE JAMBE, JAMES ROLLINSON,         POINTS & AUTHORITIES IN SUPPORT
15  BAKER HOSTETLER, HEWITT B. SHAW,        THEREOF**
    EBAY, INC., PAYPAL, INC. (A
16  SUBSIDIARY OF EBAY),                    Date:     January 16, 2015
                                            Time:     9:00 a.m.
17           Defendants.                    Dept.:    4
                                            Judge:    The Honorable Edward J. Davila
18

19

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /
954138                                                          14-CV-03190-EJD

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT THEREOF

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

**1**      ## NOTICE OF MOTION & MOTION TO DISMISS

**2**      NOTICE IS HEREBY GIVEN that on January 16, 2015 at 9:00 a.m., or as soon thereafter

**3**  as counsel may be heard, defendant Stephanie A. DeLuca ("DeLuca"), erroneously sued as

**4**  Stephanie A. Luck Deluca, will move this Court, at the United States Courthouse located at 280

**5**  South First Street, San Jose, CA 95513, Courtroom 4, before the Honorable Edward J. Davila, for

**6**  an order:

**7**      (a) pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) dismissing this action for

**8**  lack of subject matter jurisdiction on the ground that the required diversity of citizenship of the

**9**  parties is not present and the amount in controversy is far below the jurisdictional threshold under

**10**  28 U.S.C. § 1332(a);

**11**      (b) pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2), dismissing this action for

**12**  lack of personal jurisdiction over defendant DeLuca on the ground that this Court has no personal

**13**  jurisdiction over DeLuca;

**14**      (c) pursuant to 18 U.S.C.S. § 1965 that this Court has no personal jurisdiction over the

**15**  RICO defendants; and

**16**      (d) granting defendant DeLuca such other incidental relief as may be appropriate.

**17**      This motion is based on this Notice of Motion, the accompanying Declaration of Stephanie

**18**  A. DeLuca, the accompanying Memorandum of Points & Authorities, oral argument of counsel,

**19**  and on all of the pleadings and papers on file in this action.

**20**  Dated: August 27, 2014                    ROBINSON & WOOD, INC.

**21**

**22**                                          By:   */s/Jesse F. Ruiz*

**23**                                                 JESSE F. RUIZ
                                                 HELEN H. CHEN
**24**                                          Attorneys for Defendant STEPHANIE A.
                                          DELUCA
**25**

**26**

**27**

**28**

954138

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT THEREOF

1

**TABLE OF CONTENTS**

2                                                                                                              **Page**

3

4   I.      INTRODUCTION....................................................................................................... 1

5   II.     THE COMPLAINT .................................................................................................. 2

6           A.      The Parties............................................................................................ 2

7           B.      Jurisdiction & Venue............................................................................ 2

8           C.      The Allegations .................................................................................... 2

9   III.    LEGAL AUTHORITY ............................................................................................ 5

10          A.      This Court Has No Personal Jurisdiction over DeLuca ........................... 5

11                  1.      This Court Has No General Personal Jurisdiction over DeLuca.................. 5

12                  2.      This Court Has No Specific Personal Jurisdiction over DeLuca ................. 6

13          B.      This Court Has No Personal Jurisdiction over the RICO Defendants .................... 8

14                  1.      The RICO Defendants Had No Significant Contacts with California .......... 9

15                  2.      The Ends of Justice Is Not Served by Conferring Personal
                            Jurisdiction over the RICO Defendants ..................................................... 10

16          C.      This Court Lacks Subject Matter Jurisdiction........................................................ 10

17                  1.      There Is No Complete Diversity ................................................................ 10

18                  2.      The Amount in Controversy Is Far Below the Jurisdictional
19                          Threshold................................................................................................... 11

20  IV.     CONCLUSION ........................................................................................................ 12

21

22

23

24

25

26

27

28

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

954138

14-CV-03190-EJD

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT THEREOF

**ROBINSON & WOOD, INC.**
ATTORNEYS AT LAW

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Abeloff v. Barth,* 119 F.R.D. 326 (D.C. Mass. 1988) .......................................................................... 8

*Barclay Square Properties v. Midwest Fed'l Sav. & Loan Ass'n of Minneapolis,* 893 F.2d
    968 (8th Cir. 1990) ....................................................................................................................... 11

*Burger King Corp. v. Rudzewics,* 471 U.S. 477 (1985) .................................................................. 6, 7

*Butcher's Union Local No. 498 v. SDC Investments, Inc.*, 788 F.2d 539 (9th Cir. 1986)............. 8, 9

*Christensen v. Northwest Airlines, Inc.,* 633 F.2d 529 (9th Cir. 1980)............................................ 11

*Crenshaw v. Antokol*, 287 F.Supp.2d 37 (D. C. 2003)..................................................................... 10

*Dody v. Brown,* 659 F. Supp. 541 (W.D. Mo. 1987) ......................................................................... 9

*Edmunds v. Sup.Ct. (Ronson)* (1994) 24 Cal.App.4th 221............................................................. 7, 8

*Follett College Stores Corp. v. Fernandez,* 587 F. Supp. 1051 (C.D. Ill. 1984) ......................... 9, 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2851 (2011) ............................... 5, 6

*IMO Indus., Inc. v. Kierkert AG,* 155 F.3d 254, 257 (3d Cir. 1998)................................................. 5

*International Shoe Co. v. Wash.,* 326 U.S. 316 (1945)................................................................... 5, 6

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 774 (1984) .................................................................... 7

*Lincoln Property Co. v. Roche,* 546 U.S. 81 (2005) ........................................................................ 10

*McNutt v. General Motors Accept. Corp. of Indiana,* 298 U.S. 178 (1936) ................................... 11

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 104-105 (1987)............................. 7

*Pavlovich v. Sup. Ct.* (2002) 29 Cal.4th 262 .................................................................................... 7

*Scott v. Pasadena Unified School Dist.,* 306 F.3d 646 (9th Cir. 2002)........................................... 12

*Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal.4th 1054, 1067 ......................................... 7

*St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283 (1938).............................................. 11

*Stranahan Gear Co., Inc. v. NL Industries, Inc.,* 800 F.2d 53, 58 (3d Cir. 1986) .......................... 5

*Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1089 (6th Cir. 1989)........................................... 5

*Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1172 (9th Cir. 2006) ......................................... 5, 6

954138

DEFENDANT STEPHANIE A. DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT THEREOF

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 299 (1980) ................................................ 7

**STATUTES**

18 U.S.C. § 1965 ....................................................................................................... 2, 8, 9, 10

28 U.S.C. § 1332 .............................................................................................................. 2, 11

28 U.S.C. § 1367 ..................................................................................................................... 2

28 U.S.C. § 1391 ..................................................................................................................... 2

Federal Rule of Civil Procedure § 12(b)(1) ........................................................................... 1

Federal Rules of Civil Procedure, Rule 12(b)(2) ............................................................... 1, 5

**ROBINSON & WOOD, INC.**
ATTORNEYS AT LAW

954138

iii

14-CV-03190-EJD

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

1

2
**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**

3

**I.     INTRODUCTION**

4

5          Defendant Stephanie A. DeLuca ("DeLuca"), erroneously sued as Stephanie A. Luck

6   Deluca, moves this Court to dismiss the complaint under Federal rule of Civil Procedure §

7   12(b)(1) for lack of subject matter jurisdiction, and for lack of personal jurisdiction under §

8   12(b)(2).

9          This action arises out of defendant (and Ohio resident) DeLuca's attempt to collect an

10  attorneys' fees judgment entered in an Ohio marriage dissolution action and subsequent custody

11  dispute.  Plaintiff, who is a Florida resident and the ex-husband of DeLuca, was found by the Ohio

12  state court in contempt of court for failure to pay the judgment.  In connection with the contempt

13  proceedings, DeLuca's Ohio attorneys sought the subpoena power of the Ohio court to compel

14  PayPal to disclose information about plaintiff's PayPal accounts.  Thereafter, subpoenas were

15  issued by the Ohio court and received by the PayPal defendants in California.

16         DeLuca contends that this Court lacks general personal jurisdiction over DeLuca on the

17  ground that her alleged contact with California does not amount to the type of substantial,

18  continuous and systematic contacts required for a finding of general jurisdiction.  This Court also

19  lacks specific personal jurisdiction over DeLuca because plaintiff fails to establish that DeLuca

20  purposely availed herself of the benefits and protections of this district.

21         Furthermore, the alleged predicate acts—bringing the contempt proceeding in the Ohio

22  State Court and service of the court-issued subpoenas—are inadequate to confer personal

23  jurisdiction over DeLuca and other RICO defendants in this Court.  The RICO defendants had no

24  significant contacts with California, and judicial economy does not favor trying action in this

25  Court.

26         Finally, this Court lacks diversity jurisdiction because (1) plaintiff and several co-

27  defendants are residents of Florida; and (2) the amount in controversy is below the jurisdictional

28  threshold.

954138

**ROBINSON & WOOD, INC.**
ATTORNEYS AT LAW

1                                                   14-CV-03190-EJD
DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT THEREOF

**II.    THE COMPLAINT**

      **A.    The Parties**

      Plaintiff Larry Klayman ("Klayman") filed the complaint in this action on July 5, 2014. Plaintiff Klayman ("Klayman") is an attorney (para. 13) and resident of Florida (para. 1).

      Defendant DeLuca is a resident of Ohio and the ex-wife of Klayman (para. 2).

      Defendant Suzanne Jambe ("Jambe") is a resident of Ohio (para. 3).  Defendant James Rollinson ("Rollinson") is a resident of Ohio (para. 4).  Defendant Hewitt B. Shaw ("Shaw"), Jambe and Rollinson are attorneys and partners with the firm of Baker Hostetler, a limited liability partnership and a national law firm with offices in multiple cities, including Cleveland, Ohio, and with offices in California and doing business within this judicial district (para. 3-6).  Shaw is the Office Managing Partner of the Cleveland headquarters of Baker Hostetler (para. 6).

      Defendant eBay, Inc. ("eBay") is a corporation with its headquarters and principal place of business in San Jose, California, and is the parent company of PayPal (para. 7).  Defendant PayPal, Inc. ("PayPal") is a subsidy of eBay (collectively "the PayPal defendants"), and is a corporation with its headquarters and principal place of business in San Jose, California (para. 8). The PayPal defendants provide credit card services for plaintiff (para. 50).

      **B.    Jurisdiction & Venue**

      Plaintiff alleges that jurisdiction is proper pursuant to 28 U.S.C. § 1332 (complete diversity and the amount in controversy over $75,000); 28 U.S.C. § 1367 (supplemental jurisdiction ); and 18 U.S.C. § 1965 (nationwide jurisdiction under the Racketeer Influenced and Corrupt Organizations Act ("RICO") ) (para. 10).

      Plaintiff alleges that venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred within this district; and pursuant to PayPal's User Agreement (para. 11-12).

      **C.    The Allegations**

      Plaintiff divorced DeLuca in June 2003 (para. 14).  At that time, the parties entered into a Consent Marital Settlement Agreement in the commonwealth of Virginia which contained a

**ROBINSON & WOOD, INC.**
ATTORNEYS AT LAW

954138

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

1    choice of law provision that mandated and required that Virginia law would apply to the

2    enforceability and all other matters concerning the Consent Marital Settlement Agreement (para.

3    14).  Plaintiff has two children with DeLuca (para. 16).  Plaintiff alleges that in the summer of

4    2007, he was forced to file for custody of his children in the Court of Common Pleas for

5    Cuyahoga County, State of Ohio (Case No. DR-07-316840).  Plaintiff also alleges that DeLuca

6    failed to provide to him medical information about a serious accident involving their youngest

7    child.  *Id.*  Plaintiff subsequently withheld child support on the basis of disputes involving

8    visitation following DeLuca's remarriage in 2007 (para. 17-19).

9           The attorney defendants represented DeLuca in the contempt proceedings in the Ohio state

10   court against plaintiff in which the court found plaintiff in contempt for not paying child support;

11   DeLuca was awarded a judgment of $320,000 in attorney's fees on June 22, 2011 ("judgment")

12   (para. 20).  The attorney defendants, on behalf of DeLuca, brought a motion to show cause for

13   plaintiff's alleged violation of the judgment, attempting to incarcerate plaintiff for his non-payment

14   of the judgment against him (para. 21).

15          In August of 2012, the attorney defendants, on behalf of DeLuca, sent subpoenas to third

16   party entities, including the PayPal defendants, which sought financial records which they

17   believed contained banking information related to plaintiff (para. 24-25(a)-(c)).  Further, the

18   attorney defendants sent the subpoena to the Cuyahoga Support Enforcement Agency requesting

19   documents relating to all payments made (including checks and wire transfers), between January

20   1, 2012 to the present, by plaintiff to DeLuca, to either Ohio Support Payment Central or the

21   Cuyahoga County Child Support Enforcement Agency (para. 25(d)).  The subpoenas were issued

22   by the Ohio court on August 8, 2012 (para. 24).  The PayPal defendants received the subpoenas on

23   August 12, 2012.[1]  (*Id.*)  On August 16, 2012, PayPal responded to the subpoena and sent

24   documents and a CD to defendant Rollinson via Federal Express (para. 29-30, 33).

25   _____

26          [1] The complaint is contradictory as to whether only one subpoena or multiple subpoenas

27   were issued to the PayPal Defendants (para. 24-25.)

28

954138

3                                          14-CV-03190-EJD

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT THEREOF

1    On August 16, 2012, plaintiff, through written correspondence, voiced his intention to

2  move to quash the subpoenas in correspondence to the attorney defendants (para. 27).  On August

3  20, 2012, plaintiff filed his motion to quash the subpoenas in Ohio state court, pursuant to Ohio

4  Rules of Civil Procedure Rule 45(C)(3) (para. 28).  Upon learning of the release of documents by

5  the PayPal defendants, plaintiff immediately demanded that the PayPal defendants retrieve the

6  documents sent to the attorney defendants (para. 37).  Plaintiff was contacted by PayPal's counsel

7  on August 20, 2014, who informed plaintiff that PayPal would request the immediate return of the

8  released records based on plaintiff's objections (para. 38).  On the same day, the PayPal defendants

9  demanded the return of the released documents and information.  (*Id.*)

10    The complaint alleges ten counts, eight of them are made against DeLuca and the attorney

11  defendants: (1) fraud by statement to third parties; (2) fraud; (3) intrusion into private affairs; (4)

12  trespass to chattels; (5) conversion; (6) unlawful, unfair, fraudulent business practices; (7) civil

13  violations of RICO; and (8) conspiracy to engage in RICO.  Two counts are made against the

14  PayPal defendants: breach of contract and negligence.

15    With respect to the RICO claim, plaintiff alleges that the predicate acts clustered around a

16  continued pattern of fraud: (1) the attorney defendants, on behalf of DeLuca, sought to

17  fraudulently have plaintiff held in contempt of court, in violation of the Ohio Constitution; and (2)

18  the attorney defendants and DeLuca fraudulently sought and obtained financial records which

19  contained banking information related to plaintiff (para. 99).  Plaintiff further alleges that the

20  attorney defendants, on behalf of DeLuca, engaged in a pattern of racketeering activity across state

21  lines.  (para. 89, 80, 96).

22    Plaintiff prays for (1) general damages in an amount exceeding $1,000,000; (2) punitive

23  and exemplary damages in excess of $2,000,000; (3) injunctive relief; (4) an award of treble

24  damages as consistent with 18 U.S.C. § 1964(c); (5) attorney's fees and costs (regardless that

25  plaintiff is in pro per); and (6) prejudgment interest.

26    On August 5, 2014, this Court granted DeLuca an additional 21 days to file a responsive

27  pleading.  (Dkt. 17.)

28

954138

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT THEREOF

**III.   LEGAL AUTHORITY**

   **A.   This Court Has No Personal Jurisdiction over DeLuca**

   This Court should dismiss the complaint for lack of personal jurisdiction over DeLuca. F.R.C.P. 12(b)(2).  Once a defendant has filed a motion to dismiss for lack of personal jurisdiction, the burden rests on the plaintiff to prove that jurisdiction exists in the forum state. *IMO Indus., Inc. v. Kierkert AG,* 155 F.3d 254, 257 (3d Cir. 1998).  Defendant may submit declarations and affidavits in support of her motion.  *Stranahan Gear Co., Inc. v. NL Industries, Inc.,* 800 F.2d 53, 58 (3d Cir. 1986).

   DeLuca is not a resident of this forum district.  Personal jurisdiction over an out-of-state defendant arises when the defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945).  A plaintiff meets the burden by establishing that general or specific jurisdiction over the defendant exists.  *Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989).

   **1.   This Court Has No General Personal Jurisdiction over DeLuca**

   General jurisdiction exists if non-resident defendants' activities in the forum state are "substantial, continuous and systematic" as to render them essentially at home in the forum State. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).  In evaluating general jurisdiction, courts consider " 'whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there.' "  *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1172 (9th Cir. 2006).  Courts also consider other factors such as "[l]ongvity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets".  *Id.*

   None of the factors supporting exercise of general jurisdiction are present here.  DeLuca has never resided in California.  (DeLuca Decl., ¶ 6.)  She does not own any real or personal property in California.  (DeLuca Decl., ¶ 11.)  She maintains no bank accounts or records in

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

California.  (DeLuca Decl., ¶ 12.)  Moreover, DeLuca does not own or operate or transact any personal business in California, never solicits business in California, and has never had an office in California.  (DeLuca Decl., ¶ 7.)  She is never licensed to do business in California, and is never employed in California.  (DeLuca Decl., ¶¶ 8-9.)  She has no agent or representative in California.  (DeLuca Decl., ¶ 10.)

DeLuca's only specific contact with the forum is her Ohio attorneys' service of court-issued subpoenas upon a California entity.  (DeLuca Decl., ¶ 5.)  DeLuca's alleged single activity with California does not amount to the type of substantial, continuous and systematic contacts required for a finding of general jurisdiction.  It would be unreasonable to require DeLuca to defend the action in this Court.  *Tuazon,* supra, 433 F.3d at 1175.  Travel costs would pose an undue financial burden on DeLuca.  (DeLuca Decl., ¶ 14.)  Moreover, DeLuca must take care of two young school aged children and her elderly mother who lives nearby.  (*Id.*)  Simply put, DeLuca will sustain unjustified hardship if she is haled into this forum court to defend herself.

### 2.   This Court Has No Specific Personal Jurisdiction over DeLuca

In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.  *Goodyear Dunlop Tires, supra*, 131 S. Ct. at 2851.  Plaintiff must establish that the nonresident defendant purposefully directed its activities toward residents of the forum state or otherwise established contacts with the forum state, and that plaintiff's cause of action arises out of or results from the defendant's forum-related contacts.  *Burger King Corp. v. Rudzewics,* 471 U.S. 462, 477 (1985).  " 'Some single or occasional acts' related to the forum may not be sufficient to establish jurisdiction if 'their nature and quality and the circumstances of their commission' create only an 'attenuated' affiliation with the forum."  *Burger King Corp., supra*, 471 U.S. at 476, fn. 18, citing *International Shoe Co., supra*, 326 U.S. at 318.

To satisfy the "purposeful availment" requirement of specific jurisdiction, a defendant must purposefully and voluntarily direct her activities at residents of the forum state in an effort to obtain a benefit from that state, such as distributing commercial products or conducting extensive

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

954138

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

1    advertising aimed at residents of the forum state.  *Burger King Corp., supra*, 471 U.S. at 462, 472-

2    473; see also *Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal.4th 1054, 1067.)  A defendant

3    should not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated"

4    contacts.  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *World-Wide Volkswagen*

5    *Corp. v. Woodson*, 444 U.S. 286, 299 (1980).

6         Moreover, specific personal jurisdiction over a nonresident defendant exists only to the

7    extent permitted by the forum state's long-arm statute and by the due process clause of the United

8    States Constitution.  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104-105

9    (1987).  Under California law, plaintiff must proffer "evidence of express aiming or intentional

10   targeting" in order to establish personal jurisdiction over the nonresident defendant,   *Pavlovich v.*

11   *Sup. Ct.,* 29 Cal.4th 262, 273 (2002) .

12        For example, in *Edmunds v. Sup.Ct. (Ronson)*, 24 Cal.App.4th 221, 236 (1994) , the court

13   found that merely representing a California resident in an out-of-state action, although it involves

14   receiving fee payments from California, taking a deposition in California, and communications

15   from the California client, did not establish "purposeful availment" of the privilege of conducting

16   activities in California.  In *Edmunds*, an attorney who practiced in Hawaii represented a California

17   partnership in a Hawaiian action.  His clients later sued him for malpractice in California.  The

18   court found that the Hawaiian attorney's activities did not constitute purposeful availment

19   sufficient to confer jurisdiction over the Hawaiian attorney.  (*Id.* at 234.)  The court noted that

20   substantial evidence does not support plaintiff's claim that defendant attorney engaged in tortious

21   conduct while within the State of California at the time of the deposition.  (*Id.* at 222.)

22        The court in *Edmunds* examined whether defendant's acts reflected a substantial

23   connection with California, or whether there was only an "attenuated connection".  (*Id.* at 223.)

24   The court further considered public policy concerns of allowing an exercise of California

25   jurisdiction over an out-of-state attorney who represented California clients in an out-of-state

26   action, and whose contact with California was limited.  The court pointed out that doing so would

27

28

**ROBINSON & WOOD, INC.**
ATTORNEYS AT LAW

954138

7                                    14-CV-03190-EJD

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT THEREOF

1  effectively penalize out-of-state attorneys by subjecting them to suit in California on a highly

2  attenuated theory.  (*Id.* at 226.)

3       The case at bar is akin to *Edmunds* in that the alleged contacts with California both arose

4  out of an out-of-state proceeding.  Here, the service of subpoenas upon the PayPal defendants was

5  an incidental and highly attenuated contact with California arising out of the contempt proceedings

6  in the Ohio state court.  Most importantly, all legal services arising out of the contempt

7  proceeding, including the issuance of subpoenas to the PayPal defendants, were performed by

8  Baker Hostetler's attorneys at their Cleveland, Ohio office.  (DeLuca Decl., ¶ 5.)  Deluca did not

9  retain, and no services were ever provided by attorneys in Baker Hostetler's California offices.

10  (*Id.*)  The acts or omissions for which DeLuca is sought to be held liable in this action, as

11  described in paragraphs 14 to 77 of the complaint, all occurred outside California.  (DeLuca Decl.,

12  ¶ 13.)

13       Based on the above, the highly attenuated contact in the form of service of the subpoenas is

14  insufficient to support this Court's specific jurisdiction over DeLuca.  Plaintiff fails to establish

15  that DeLuca purposely availed herself of the benefits and protections of this district.

16      **B.**    <u>**This Court Has No Personal Jurisdiction over the RICO**</u>
          <u>**Defendants**</u>

17

18       Alternatively, plaintiff claims that this Court may exercise personal jurisdiction over

DeLuca and the attorney defendants under 18 U.S.C.S. § 1965, which confers nationwide

19  jurisdiction in a RICO action over nonresident defendants.  However, merely naming persons in a

20  RICO complaint does not, in itself, make defendants subject to § 1965(b)'s nationwide service

21  provisions.  *Butcher's Union Local No. 498 v. SDC Investments, Inc.*, 788 F.2d 535, 539 (9th Cir.

22  1986)  Section 1965 requires a RICO plaintiff to establish personal jurisdiction over at least one

23  defendant under section 1965(a), who "resides, is found, has an agent, or transacts his affairs" in

24  the forum.  *Id.*

25       The term "transacts his affairs" means the corporate defendants' business contacts with

26  forum have been repeated, substantial, and continuous over a period of years.  *Abeloff v. Barth,*

27  119 F.R.D. 315, 326 (D.C. Mass. 1988).  As to individual defendants, the issue is whether position

28

954138

     14-CV-03190-EJD

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT THEREOF

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

1  of individuals within corporation was such that they had actual power to control and exercised

2  power to control corporation's transaction of business in the forum state.  *Id.*  Further, it must be

3  shown that "the ends of justice" require the exercise of personal jurisdiction over the nonresident

4  defendant. 18 U.S.C.S. § 1965(b).  *Butcher's Union Local No. 498*, *supra*, 788 F.2d at 538.

5       DeLuca contends that there is a lack of personal jurisdiction over the RICO defendants

6  because the RICO defendants had no significant contacts with California, and judicial economy

7  does not favor trying action in this Court.

8       **1.      The RICO Defendants Had No Significant Contacts with California**

9

10       In *Follett College Stores Corp. v. Fernandez, 587* F. Supp. 1051 (C.D. Ill. 1984)*, plaintiff

11  based its RICO claim on the alleged falsification of accounting reports, manipulation of store

12  inventory, and misuse of assets and funds by the defendants originating at its regional office

13  outside the forum district.  *Id.* at 1053.  Defendants' only contact with the forum district which

14  relate to the subject matter of plaintiff's complaint were the mailing of documents and the making

15  of telephone calls to persons within the forum district.  *Id.* at 1052.  While various defendants may

16  have made numerous trips into the forum district, plaintiff did not allege or support the proposition

17  that these trips related directly to the subject matter of the lawsuit.  *Id.* at 1053.  The court found

18  that the forum district is unrelated to the heart of the lawsuit, and had no personal jurisdiction over

19  defendants in a RICO action because virtually all of the alleged activities concerning the RICO

20  cause of action referred to operation of defendant's business outside the forum area.  *Id.*  The court

21  concluded that defendants' only contacts with the district involved document mailings and

22  telephone calls originating from outside the forum district, and deemed such contacts to be

23  minimal.  *Id.*; see also *Dody v. Brown,* 659 F. Supp. 541, 545-546 (W.D. Mo. 1987) (finding that

24  telephone calls and mailings that were done from outside of the district to a person within the

25  district did not give rise to the level of regular, substantial and continuous activity within the

26  district so as to satisfy § 1965(a)'s transaction of affairs requirement).

27       Similarly, here, no RICO defendants have significant contacts with California with respect

28  to the underlying cause of action.  DeLuca, Jambe, Shaw and Rollinson are all residents of Ohio

954138

9                                              14-CV-03190-EJD

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

1   (para. 2-4, 6).  The contempt proceeding is venued in Ohio state court (para. 20).   While Baker

2   Hostetler is a national law firm and has an office in California (para. 5), none of the legal services

3   for DeLuca were handled by Baker Hostetler's California office.  (DeLuca Decl., ¶ 5.)  Rather, all

4   legal work was done at the firm's Cleveland, Ohio office.  (*Id.*)  The only contact the RICO

5   defendants had with this forum involved sending court-issued subpoenas to the PayPal defendants

6   in connection with the contempt proceeding in Ohio (para. 24-25(a)-(c)).  Serving subpoenas from

7   an outside forum is analogous to document mailings and telephone calls originating from outside

8   the forum district as in *Follet.*  See *Follett College Stores Corp., supra*, 587 F. Supp. at 1053.

9   Such acts are insufficient to meet the constitutional requirement that defendants purposefully

10   availed themselves of the benefits of this district.  Plaintiff fails to establish that this Court may

11   exercise personal jurisdiction over even one RICO defendant.

### 2.        The Ends of Justice Is Not Served by Conferring Personal Jurisdiction over the RICO Defendants

In undertaking 18 U.S.C.S. § 1965(b) "ends of justice" analysis, courts consider: 1) location of parties, witnesses, records, and acts or omissions giving rising to claims; 2) whether juridical economy favors trying action in one court; 3) whether § 1965(b) venue promotes orderly and expeditious disposition of case; and 4) whether there exists alternative forum where venue is proper.  *Crenshaw v. Antokol*, 287 F.Supp.2d 37, 42 (D. C. 2003).

Here, venue under § 1965(b) does not promote expeditious disposition of this case, because the RICO defendants reside in Ohio, defendants' witnesses and records are located in Ohio, and the alleged RICO Act claim occurred in Ohio.  Judicial economy simply does not favor trying action in this Court.

### C.        This Court Lacks Subject Matter Jurisdiction

### 1.        There Is No Complete Diversity

In a complaint against a limited partnership, the location of the partnership's "principal place of business" or headquarter is irrelevant to subject matter jurisdiction.  Its citizenship for diversity purposes is determined by examining the citizenship of all of its partners, not the location of the entity. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005).  Allegations are insufficient

954138   **28**

10                                      14-CV-03190-EJD

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

**1**  as to complete diversity if the complaint fails to allege citizenship of all partners. *Barclay Square*

**2**  *Properties v. Midwest Fed'l Sav. & Loan Ass'n of Minneapolis,* 893 F.2d 968, 969 (8th Cir. 1990).

**3**       Here, several partners at defendant Baker Hostetler, like plaintiff, are residents of Florida.

**4**  (Dkt 13-1, ¶ 4.)  Thus, there is no complete diversity between the parties.

**5**               **2.       The Amount in Controversy Is Far Below the
                       Jurisdictional Threshold**

**6**

**7**       Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs . . ."  28 U.S.C. § 1332(a).  A dismissal for lack of

**8**  jurisdictional amount is proper if it was legally impossible for plaintiffs to recover on their

**9**  damages theories when the case was filed. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S.

**10**  283, 288-289 (1938).  Plaintiff has the burden to establish there is a preponderance of evidence

**11**  which justifies recovery of at least the minimum jurisdictional amount. *McNutt v. General Motors*

**12**  *Accept. Corp. of Indiana,* 298 U.S. 178, 189 (1936).

**13**       In *Christensen v. Northwest Airlines, Inc.,* 633 F.2d 529, 530-531 (9th Cir. 1980), plaintiff

**14**  passenger sought general and punitive damages exceeding the jurisdictional threshold for anger

**15**  and embarrassment suffered from a short verbal altercation with agents and employees of the

**16**  defendant airline.  The Ninth Circuit upheld the trial court's dismissal on ground the plaintiff's

**17**  claims of damages were not made in good faith but only for the purpose of obtaining federal court

**18**  jurisdiction. *Id.* at 530-531.  The court found that it is clear to a legal certainty that plaintiff could

**19**  not sustain a judgment over the jurisdictional minimum. *Id.* at 531.  "A federal court should not

**20**  and cannot adjudicate such minor claims." *Id.* at 530-531.

**21**       Here, it is legally impossible for plaintiff to recover damages over the jurisdictional

**22**  threshold because the predicate acts, the attorneys' fees judgment and the subpoenas, had been

**23**  sanctioned by the Ohio state court.  Plaintiff fails to quantify how he arrives at the general

**24**  damages figure of $1,000,000 or the punitive and exemplary damages of $2,000,000.  Like the

**25**  plaintiff in *Christensen,* plaintiff's claims of damages were not made in good faith but only for the

**26**  purpose of securing federal court jurisdiction.

**27**

**28**

954138

**ROBINSON & WOOD, INC.**
ATTORNEYS AT LAW

DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT THEREOF

1    In light of the above, the complaint must be dismissed for lack of subject matter

2 jurisdiction based on lack of complete diversity and the amount of controversy falling below the

3 jurisdictional threshold.  Further, dismissal for lack of subject matter jurisdiction deprives this

4 Court of power over plaintiff's supplemental claims.  *Scott v. Pasadena Unified School Dist.,* 306

5 F.3d 646, 664 (9th Cir. 2002).

6

7 **IV.    CONCLUSION**

8    Based on the foregoing, DeLuca respectfully requests that the Court grant this Motion to

9 Dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction.

10 Dated: August 27, 2014                              ROBINSON & WOOD, INC.

11

12                                                    By:   */s/Jesse F. Ruiz*

13                                                          JESSE F. RUIZ
                                                          HELEN H. CHEN
14                                                    Attorneys for Defendant STEPHANIE A.
                                                      DELUCA
15

16

17

18

19

20

21

22

23

24

25

26

27

954138  28

**ROBINSON & WOOD, INC.**
ATTORNEYS AT LAW

12                                          14-CV-03190-EJD
DEFENDANT STEPHANIE A.  DELUCA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(2) & 12(b)(3); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT THEREOF