1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARRY KLAYMAN,

   Plaintiff,

 v.

STEPHANIE A. LUCK DELUCA,
SUZANNE JAMBE, JAMES ROLLINSON,
BAKER HOSTETLER, HEWITT B.
SHAW, EBAY, INC., PAYPAL, INC.,

   Defendants.

Case No.  5:14-CV-03190-EJD

**ORDER GRANTING RULE 12(B)(1)
AND 12(B)(2) MOTIONS TO DISMISS;
DENYING AS MOOT RULE 12(B)(6)
MOTIONS TO DISMISS; DENYING AS
MOOT MOTIONS TO STRIKE**

**[Re: Dkt. Nos. 24, 27, 29, 30, 34]**

   Plaintiff Larry Klayman ("Plaintiff") initiated the instant action against Defendants

Stephanie A. Luck Deluca ("Deluca"), Baker Hostetler ("Baker Firm"), Suzanne Jambe

("Jambe"), James Rollinson ("Rollinson"), Hewitt B. Shaw ("Shaw"),[1] eBay, Inc. ("eBay"), and

PayPal, Inc.'s ("PayPal") alleging fraud, tort claims, and violation of the Racketeer Influenced and

Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO").  Presently before the court are

Defendants' motions to dismiss for lack of jurisdiction and failure to state a claim, and motions to

strike pursuant to California's Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.  The court

found these matters suitable for decision without oral argument pursuant to Civil Local Rule 7–

1(b) and previously vacated the hearing.  Having reviewed the parties' briefing, the court

---

[1] Jambe, Rollinson, and Shaw will be referred to collectively as "Baker Attorneys."

United States District Court
Northern District of California

1    GRANTS Deluca, Jambe, Rollinson, and Shaw's motions to dismiss for lack of jurisdiction, and

2    DENIES AS MOOT the remaining motions to dismiss and motions to strike.

3    **I.      BACKGROUND**

4            This action arises from an underlying divorce and child custody dispute in Ohio.  Plaintiff

5    alleges that in 2003, Plaintiff and Deluca divorced, both entering into a Consent Marital

6    Settlement Agreement that contained a choice of law provision requiring the application of

7    Virginia law.  Compl. at ¶ 14.  Deluca hired the Baker Firm to represent her in the divorce and

8    custody proceedings.  Id. at ¶ 15.  In 2007, after Deluca remarried, she allegedly precluded

9    Plaintiff from visiting or contacting the children.  Id. at ¶ 17.  Consequently, Plaintiff withheld

10   child support relying on Virginia law, which provides a complete defense for non-payment of

11   child support when the obligor is denied access to one's children.  Id. at ¶ 19.  Plaintiff alleges that

12   an Ohio court, however, erroneously applied Ohio law and found Plaintiff in contempt for the non-

13   payment.  Id. at ¶ 20.  The Ohio court also awarded a judgment of $320,000 in attorneys' fees to

14   Deluca.  Id.

15           Plaintiff alleges that in 2011, the Baker Firm and the Baker Attorneys filed a motion to

16   show cause for Plaintiff's non-payment of the judgment.  Id. at ¶ 21.  In 2012, an Ohio court

17   allegedly issued subpoenas, which the Baker Firm and Baker Attorneys served on PayPal.  Id. at ¶

18   24.  With the subpoena, Deluca, the Baker Firm, and the Baker Attorneys allegedly sought to

19   induce PayPal into releasing financial records that they believed contained Plaintiff's banking

20   information.  Id.  Plaintiff filed a motion to quash the subpoenas, and PayPal objected to the

21   subpoenas.  Id. at ¶ 28-30.  After Deluca, the Baker Firm, and the Baker Attorneys allegedly

22   induced the release of Plaintiff's PayPal account information, PayPal released the information.  Id.

23   at ¶¶ 31-34.  Upon hearing of the release of the documents, Plaintiff contacted PayPal, and PayPal

24   then demanded the return of the released documents and information.  Id. at ¶¶ 37-38.  Plaintiff

25   alleges that the Baker Firm and the Baker Attorneys made photocopies or kept electronic copies of

26   the released documents, and provided them to Deluca.  Id. at ¶ 40.

27                                                      2

28   ORDER GRANTING RULE 12(B)(1) AND 12(B)(2) MOTIONS TO DISMISS; DENYING AS
     MOOT RULE 12(B)(6) MOTIONS TO DISMISS; DENYING AS MOOT MOTIONS TO
     STRIKE

United States District Court
Northern District of California

Plaintiff commenced the instant action in July 2014.  <u>See</u> Dkt. No. 1.  Plaintiff alleges the following claims against Deluca, the Baker Firm, and the Baker Attorneys: (1) fraud by statement to third parties; (2) fraud; (3) intrusion into private affairs; (4) trespass to chattels; (5) conversion; (6) unlawful, unfair, fraudulent business practices; (7) civil violations of RICO; and (8) conspiracy to engage in RICO.  <u>See id</u>.  Plaintiff also alleges the following claims against PayPal: (1) breach of contract; and (2) negligence.  <u>See id</u>.  In August 2014, Defendants filed a series of motions to dismiss for lack of jurisdiction, motions to dismiss for failure to state a claim, and motions to strike pursuant to California's Anti-SLAPP statute.  <u>See</u> Dkt. Nos. 24, 27, 29, 30, 34.  Each motion has been fully briefed.  <u>See</u> Dkt. Nos. 36, 37, 38, 39, 40, 41.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a party may file a motion to dismiss for lack of subject matter jurisdiction.  A Rule 12(b)(1) motion may be either facial or factual.  <u>Wolfe v. Strankman</u>, 392 F.3d 358, 362 (9th Cir. 2004).  A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence.  <u>Id</u>.  When a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself.  <u>Id</u>.

Federal courts are courts of limited jurisdiction, adjudicating only cases which the Constitution and Congress authorize.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  <u>Thompson v. McCombe</u>, 99 F.3d 352, 353 (9th Cir. 1996).  If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

Case No. 5:14-CV-03190-EJD
ORDER GRANTING RULE 12(B)(1) AND 12(B)(2) MOTIONS TO DISMISS; DENYING AS MOOT RULE 12(B)(6) MOTIONS TO DISMISS; DENYING AS MOOT MOTIONS TO STRIKE

**B.      Federal Rule of Civil Procedure 12(b)(2)**

Under Rule 12(b)(2), a defendant may move for dismissal based on lack of personal jurisdiction.  Two independent limitations may restrict a court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process.  Sher v. Johnson, 911 F.2d 1357, 1360 (9th Cir. 1990).  California's statutory limitation is co-extensive with the outer limits of due process.  See id. at 1361; Cal. Civ. Proc. Code § 410.10.  Accordingly, the federal and state jurisdictional inquiries merge into a single analysis.  See Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

Due process permits the exercise of jurisdiction if a court has either general or specific jurisdiction over a nonresident defendant.  See Sher, 911 F.2d at 1361.  "General jurisdiction applies where a defendant's activities in the state are 'substantial' or 'continuous and systematic,' even if the cause of action is unrelated to those activities."  Id.  "Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant has sufficient contacts with the forum state in relation to the cause of action."  Id. (internal citations omitted).

**III.    DISCUSSION**

The threshold issues of subject matter and personal jurisdiction must be resolved first.

**A.      Subject Matter Jurisdiction**

Federal district courts have original jurisdiction over actions based on diversity of citizenship or federal question.  See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002); 28 U.S.C. §§ 1331, 1332.  Each will be addressed in turn.

**1.      Diversity of Citizenship**

To invoke diversity jurisdiction in an action involving United States citizens, the complaint must allege that the matter in controversy is between citizens of different states and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a)(1).  The Supreme Court has interpreted Section 1332(a) to require complete diversity of citizenship—each of the plaintiffs must be a citizen of a different state than each of the defendants.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68

4

United States District Court
Northern District of California

(1996).  For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where its principal place of business is located.  Lightfoot v. Cendant Morg. Corp., 769 F.3d 681, 698 (9th Cir. 2014).  A partnership and an LLC "is a citizen of every state of which its owners/members are citizens."  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899) (9th Cir. 2006).  The amount in controversy is determined from the face of the pleadings, and the amount alleged controls so long as the claim is made in good faith.  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010).

Here, Deluca argues that this court lacks subject matter jurisdiction because there is no complete diversity—several partners of the Baker Firm are residents of Florida, the same state of residency of Plaintiff.  Dkt. No. 27 at 11.  In response, Plaintiff states that neither the Baker Firm nor the Baker Attorneys have shown evidence to suggest that any of the partners of the Baker Firm are domiciled in Florida.  Dkt. No. 36 at 11.  The Ninth Circuit, however, has provided that the party asserting diversity jurisdiction bears the burden of proof.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001).

In the instant action, Plaintiff asserts diversity jurisdiction, and thus he bears the burden of proof.  See Compl. at ¶ 10.  In his complaint, Plaintiff alleges that he is a resident of Florida.  Id. at ¶ 1.  As to the Defendants, Plaintiff alleges that: Deluca and the Baker Attorneys are residents of Ohio; and PayPal and eBay are corporations with its headquarters and principal place of business in California.  Id. at ¶¶ 2-4, 6-8.  There are no allegations, however, of all of the states of which the Baker Firm's partners are citizens.  See id. at ¶¶5.  Plaintiff has failed to meet his burden, therefore, there is no diversity jurisdiction.  Given that Plaintiff had an opportunity to rehabilitate this issue in his opposition brief, but failed to do so, this court presumes that allowing leave to amend would be futile.

## 2.   **Federal Question**

Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  The basis for

5

Case No. 5:14-CV-03190-EJD
ORDER GRANTING RULE 12(B)(1) AND 12(B)(2) MOTIONS TO DISMISS; DENYING AS MOOT RULE 12(B)(6) MOTIONS TO DISMISS; DENYING AS MOOT MOTIONS TO STRIKE

1   federal question jurisdiction must appear on the face of the properly pleaded complaint, either

2   because it raises an issue of federal law or because the plaintiff's right to relief under state law

3   requires resolution of a substantial question of federal law. Franchise Tax Bd. v. Constr. Laborers

4   Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983).

5          Here, Plaintiff alleges two claims pursuant to the RICO statute. Compl. at ¶¶ 89, 101.

6   Since the complaint raises an issue of federal law, there is federal question jurisdiction so long as

7   the federal claims are valid.

8   **B.      Personal Jurisdiction**

9          The parties do not dispute personal jurisdiction over PayPal and eBay. Thus, only personal

10  jurisdiction over Deluca, the Baker Firm, and the Baker Attorneys will be addressed.

11         **1.      Defendant Deluca**

12         Plaintiff asserts specific personal jurisdiction over Deluca. Dkt. No. 36 at 9. The Ninth

13  Circuit applies a three-prong test to determine whether a defendant has sufficient contacts to be

14  susceptible to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his
> activities or consummate some transaction with the forum or
> resident thereof; or perform some act by which he purposefully
> avails himself of the privilege of conducting activities in the forum,
> thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the
> defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and
> substantial justice, i.e. it must be reasonable.

20  Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010). The plaintiff

21  bears the burden of satisfying the first two prongs. Schwarzenegger v. Fred Martin Motor Co.,

22  374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff succeeds, then the burden shifts to the defendant

23  to present a compelling case that the exercise of jurisdiction would not be reasonable. Id.

24         To satisfy the first prong of the sufficient contacts test, a plaintiff must establish that the

25  defendant either purposefully availed herself of the privilege of conducting activities in the forum

26  state, or purposefully directed her activities toward the forum state. Id. Purposeful availment and

27

28

United States District Court
Northern District of California

6

Case No. 5:14-CV-03190-EJD
ORDER GRANTING RULE 12(B)(1) AND 12(B)(2) MOTIONS TO DISMISS; DENYING AS
MOOT RULE 12(B)(6) MOTIONS TO DISMISS; DENYING AS MOOT MOTIONS TO
STRIKE

1    purposeful direction are two distinct concepts, with the former used in suits sounding in contract

2    and the latter used in suits sounding in tort.  Id.  Here, Plaintiff argues the theory of purposeful

3    direction.  Dkt. No. 36 at 7-9.

4          "A showing that a defendant purposefully directed his conduct toward a forum state . . .

5    usually consists of evidence of the defendant's actions outside the forum state that are directed at

6    the forum, such as the distribution in the forum state of goods originating elsewhere."

7    Schwarzenegger, 374 F.3d at 803.  The Ninth Circuit evaluates purposeful direction under a three-

8    part test traceable to the Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984).  Id.

9    The Calder effects test "requires that the defendant have (1) committed an intentional act, (2)

10   expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

11   suffered in the forum state."  Id. at 805.  As to the first prong, "an intentional act is an external

12   manifestation of the actor's intent to perform an actual, physical act in the real world, not

13   including any of its actual or intended results."  Washington Shoe Co. v. A-Z Sporting Goods,

14   Inc., 704 F.3d 668, 674 (9th Cir. 2012).  As to the second prong, there is express aiming when a

15   defendant knows his action will have a potentially devastating impact upon a plaintiff who

16   defendant knows lives or works in the forum state.  See id. at 675.

17         To show purposeful direction, Plaintiff alleges that Deluca hired the Baker Firm to

18   represent her in the divorce and custody proceedings.  Compl. at ¶ 15.  The Baker Firm, on behalf

19   of Deluca, served subpoenas to PayPal so it could release Plaintiff's financial records.  Id. at ¶ 24.

20   Through this act, Deluca allegedly intentionally intruded into Plaintiff's private affairs,

21   intentionally interfered with Plaintiff's perceived use of the PayPal account, and intentionally

22   interfered with records believed to be Plaintiff's.  Id. at ¶¶ 56, 62, 68.

23         Deluca argues that she did not purposefully direct her conduct toward California because

24   the service of subpoenas upon PayPal was an incidental and highly attenuated contact with

25   California arising out of the contempt proceedings in the Ohio state court.  Dkt. No. 41 at 3.

26   Plaintiff generally argues that Defendant Deluca directed her actions towards Defendant PayPal,

United States District Court
Northern District of California

7

27   Case No. 5:14-CV-03190-EJD

28   ORDER GRANTING RULE 12(B)(1) AND 12(B)(2) MOTIONS TO DISMISS; DENYING AS
     MOOT RULE 12(B)(6) MOTIONS TO DISMISS; DENYING AS MOOT MOTIONS TO
     STRIKE

1  located in California, and the torts committed were a result of the release of records kept in

2  California.  Dkt. No. 36 at 9.  The court agrees.  While Deluca may arguably have authorized an

3  intentional act by serving a subpoena, through counsel, directed at a third party in California, there

4  is no indication that Deluca expressly aimed her act towards California.  Serving a subpoena alone

5  would not have a devastating impact upon Plaintiff in California since Plaintiff neither lives nor

6  works in California.  See Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1087-88

7  (9th Cir. 2000) (defendant acted intentionally when it sent a letter to plaintiff, and the letter was

8  expressly aimed at California because it individually targeted plaintiff in its forum state of

9  California); Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1209

10  (9th Cir. 2006) (a cease and desist letter alone does not justify the exercise of personal

11  jurisdiction).  Moreover, there is no indication that the subpoena would cause harm that was likely

12  to be suffered in California.  Plaintiff generally alleges that he was harmed as a result of the

13  release of the financial records.  Compl. at ¶¶ 58, 64, 70.  While the financial records may have

14  been released in California, the harm to Plaintiff personally should have been suffered in the state

15  where he resides or works, neither of which is California.

16      Accordingly, Plaintiff has failed to satisfy the Calder effects test to establish purposeful

17  direction.  Since Plaintiff failed to meet his burden to satisfy the first prong of the sufficient

18  contacts test, this court declines to exercise specific personal jurisdiction over Deluca.

19          **2.    RICO Defendants: Deluca, the Baker Firm, and the Baker Attorneys**

20      Plaintiff alleges RICO claims against Deluca, the Baker Firm, and the Baker Attorneys.

21  As such, he alleges that personal jurisdiction is proper pursuant to 18 U.S.C. § 1965, which allows

22  for nationwide jurisdiction under RICO.  Compl. at ¶ 10.  The RICO statute provides that a civil

23  action may be instituted in the district in which the defendant "resides, is found, has an agent, or

24  transacts his affairs."  18 U.S.C. § 1965(a).  In § 1965(b), Congress provided for service of process

25  upon RICO defendants residing outside the federal court's district when it is shown that "the ends

26  of justice" require it.  18 U.S.C. § 1965(b); Butcher's Union Local No. 498 v. SDC Inv., Inc., 788

27

Case No. 5:14-CV-03190-EJD
28  ORDER GRANTING RULE 12(B)(1) AND 12(B)(2) MOTIONS TO DISMISS; DENYING AS
MOOT RULE 12(B)(6) MOTIONS TO DISMISS; DENYING AS MOOT MOTIONS TO
STRIKE

1   F.2d 535, 538 (9th Cir. 1986).  Through this provision, Congress intended "to enable plaintiffs to

2   bring all members of a nationwide RICO conspiracy before a court in a single trial." Butcher's

3   Union, 788 F.2d at 539.  "For nationwide service to be imposed under section 1965(b), the court

4   must have personal jurisdiction over at least one of the participants in the alleged multidistrict

5   conspiracy and the plaintiff must show that there is no other district in which a court will have

6   personal jurisdiction over all of the alleged co-conspirators." Id.  Plaintiff has the burden of

7   showing affirmatively that there is no other district that could exercise jurisdiction over all of the

8   alleged co-conspirators. Barantsevich v. VTB Bank, 954 F. Supp. 2d 972, 989-990 (C.D. Cal.

9   2013).

10   Deluca, the Baker Firm, and the Baker Attorneys argue that they lack significant contacts

11   with California.  Dkt. No. 27 at 9.  They argue that the individual defendants are all residents of

12   Ohio, and while the Baker Firm is a national law firm with an office in California, none of the

13   legal services for Deluca were handled by the California office. Id. at 9-10.  They further argue

14   that the ends of justice is not served by conferring personal jurisdiction over them since their

15   witnesses and records are located in Ohio, and the alleged claim occurred in Ohio. Id. at 10.  In

16   response, Plaintiff argues that the Baker Firm has substantial and continuous contact with

17   California because of its office in Los Angeles, and the Baker Firm's counsel works out of the Los

18   Angeles office.  Dkt. No. 36 at 9-10.

19   This court agrees with Deluca, the Baker Firm and the Baker Attorneys.  First, the court

20   must have personal jurisdiction over at least one of the participants.  There is no indication that

21   this court can exercise personal jurisdiction over Deluca or the Baker Attorneys since they all live

22   in Ohio, and Plaintiff has not made a case of specific personal jurisdiction over them.  Second,

23   even if this court can exercise personal jurisdiction over the Baker Firm because of some presence

24   in California, Plaintiff has failed to allege that there is no other district court that will have

25   personal jurisdiction over all of the RICO Defendants.  The complaint states that Deluca and the

26   Baker Attorneys are residents of Ohio, the Baker Firm has an office in Ohio, and at least part of

27                                                     9
     Case No. 5:14-CV-03190-EJD
28   ORDER GRANTING RULE 12(B)(1) AND 12(B)(2) MOTIONS TO DISMISS; DENYING AS
     MOOT RULE 12(B)(6) MOTIONS TO DISMISS; DENYING AS MOOT MOTIONS TO
     STRIKE

the alleged acts of the conspiracy occurred in Ohio.  Compl. at ¶¶ 2-6, 15, 20-24.  As such, an

Ohio court would have jurisdiction over all of the RICO defendants.

Accordingly, personal jurisdiction over the RICO Defendants is improper in this district.

The court, therefore, declines to exercise personal jurisdiction under RICO over Deluca, the Baker

Firm, and the Baker Attorneys.

**C.      Conclusion as to Jurisdiction**

Since this court lacks personal jurisdiction over RICO Defendants Deluca, the Baker Firm,

and the Baker Attorneys, the RICO claims must be dismissed.  Furthermore, given that the RICO

claims are dismissed, the complaint lacks a federal claim.  Accordingly, federal question

jurisdiction is lacking.  The court declines to exercise supplemental jurisdiction over the remaining

state law claims.  See 28 U.S.C. § 1367(c)(3).

**IV.     ORDER**

For the foregoing reasons, Deluca's Motion to Dismiss on the grounds of lack of

jurisdiction is GRANTED, and all claims are DISMISSED WITHOUT PREJUDICE.  All other

motions to dismiss and motions to strike are DENIED AS MOOT.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 30, 2015



EDWARD J. DAVILA
United States District Judge

10

Case No. 5:14-CV-03190-EJD
ORDER GRANTING RULE 12(B)(1) AND 12(B)(2) MOTIONS TO DISMISS; DENYING AS
MOOT RULE 12(B)(6) MOTIONS TO DISMISS; DENYING AS MOOT MOTIONS TO
STRIKE

United States District Court
Northern District of California